UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS JAMES NELSON,<br><br>                            Petitioner,<br><br>vs.<br><br>J.W. COX, in his capacity as Warden of Yankton Federal Prison Camp,<br><br>                            Respondent. | 4:20-CV-04199-KES<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT TO RESPOND TO THE MERITS OF PETITIONER'S PETITION |

Petitioner, Nicholas James Nelson, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's March 9, 2015, standing order.

Respondent moves to dismiss Nelson's petition for his alleged failure to exhaust administrative remedies. Docket 12. The Magistrate Judge entered a report and recommendation (Docket 17) recommending Nelson's petition be dismissed without prejudice to allow him to exhaust his administrative remedies. Docket 17 at 6. Nelson timely filed his objections. Docket 18.

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and

specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Generally, only after a prisoner exhausts the administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241." (citation omitted)). But the exhaustion requirement for a petition under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992).

In *McCarthy*, the Supreme Court recognized "three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion[:]" (1) the "administrative remedy may occasion undue prejudice[;]" (2) the "administrative remedy may be inadequate" because there is doubt that the agency can grant effective relief; and (3) the remedy is inadequate because the administrative body is biased and has

predetermined the issue. *Id.* at 147-49. Under the first broad exception, the Supreme Court recognized that "[e]ven where the administrative decision[-]making schedule is otherwise reasonable and definite, a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." *Id.* at 147. Further, a habeas petition can be excused from the exhaustion requirements if the process would be futile and serve no useful purpose. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). Once the Bureau of Prison's (BOP) Central Office has rendered a decision on a BP-11 appeal, the administrative process is fully exhausted. *See* 28 C.F.R. §§ 542.14-542.15 (2021).

Here, the Magistrate Judge recommended that "[t]his case presents a number of factual disputes best served by creating a complete administrative record. That can only be done if Mr. Nelson is required to finish out the administrative exhaustion process. The court concludes he should be required to do so." Docket 17 at 5-6. Nelson sent his BP-11 appeal to the BOP's Central Office on January 16, 2021. Docket 18 at 2. Respondent claims that Nelson has a "projected release date of January 30, 2022, via an early release under 18 U.S.C. § 3621(e) for successful completion of RDAP." Docket 13 at 2. But in his objection, Nelson asserts that if he is awarded his earned time credits his release date should have been on May 12, 2020. Docket 18 at 2. Nelson has alleged facts to show that requiring him to exhaust his administrative remedies before coming into court would cause him irreparable harm because he is allegedly already entitled to be released from prison. *See McCarthy*, 503 U.S. at

3

147. Thus, respondent's motion to dismiss (Docket 12) is denied. This court rejects the Magistrate Judge's report and recommendation. Further, respondent must respond to Nelson's claims on the merits within **twenty-one days** from the entry of this order.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 12) is denied.

2. That the Magistrate Judge's report and recommendation (Docket 17) is not adopted.

3. That Nelson's objection (Dockets 18) is overruled.

4. That respondent must respond to the merits of Nelson's petition **within twenty-one days** from the entry of this order.

Dated April 1, 2021

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE